■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE S. [ANONYMOUS], Appellant.— Appeal from a judgment of the County Court, Suffolk County, rendered May 23, 1969, adjudging appellant a youthful offender, after a nonjury trial to which he had consented, and imposing sentence. Judgment reversed, on the law, and a new trial, before a jury, granted. With respect to appellant's prime claim of error, we hold that the statutory requirement of a defendant's consent to a trial without a jury in order for him to be eligible for youthful offender treatment ((Code Crim. Pro., § 913-g, subd. 3; § 913-h) is unconstitutional (*People* v. *Michael A. C.* [*Anonymous*], 32 A D 2d 554; *People* v. *Jerome C.* [*Anonymous*], 32 A D 2d 840). With respect to appellant's additional claim of error, we hold that it is well settled that "adjudication as a youthful offender must rest upon a finding that the defendant committed the criminal acts charged against him in the indictment or information" (*People* v. *Sykes,* 22 N Y 2d 159, 163–164; *People* v. *McKinney,* 24 N Y 2d 180, 183–184; Code Crim. Pro., § 913-j). Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD DAVIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 24, 1967, convicting him of unlawful entry, upon a plea of guilty, and sentencing him to an indefinite term in the New York City Penitentiary. It appears, however, that the judgment was vacated on August 15, 1968, at which time appellant was resentenced by said court, *nunc pro tunc,* to a one-year term (with credit for time served); and hence we have reviewed the judgment of resentence (Code Crim. Pro., § 524-c). Judgment on resentence, rendered August 15, 1968, affirmed. No opinion. Appeal from judgment rendered October 24, 1967 dismissed as academic. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ BETTY SCHAPIRA, as Administratrix of the Estate of GERALD SCHAPIRA, Deceased, Respondent, v. BETH ISRAEL HOSPITAL et al., Defendants, and LAZARUS A. ORKIN, Appellant.— In this action to recover damages for wrongful death and conscious pain and suffering, upon the trial of which the jury could not agree upon a verdict, the appeal, as limited by the order of this court dated April 7, 1969 which dismissed a portion of the appeal as originally taken, is from so much of an order of the Supreme Court, Queens County, dated March 19, 1969, as denied defendant Orkin's posttrial motion for summary judgment. Order affirmed insofar as appealed from, with costs to plaintiff against said defendant to abide the event of the new trial. In our opinion triable issues exist as to the negligence of defendant Orkin and as to proximate causation, which can be resolved only upon a trial. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.